UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THERON P. HUNT,<br><br>    Petitioner,<br><br>v.<br><br>JEFF TANNER,[1]<br>*Warden*,<br><br>    Respondent. | Case No. 22-11740<br>Honorable Laurie J. Michelson |

**ORDER AMENDING THE CASE CAPTION, GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD THE HABEAS PETITION IN ABEYANCE [11], AND ADMINISTRATIVELY CLOSING THE CASE**

Following a jury trial in the St. Joseph County Circuit Court, Petitioner Theron P. Hunt was convicted of first-degree murder and armed robbery, among other things. He is now serving a life sentence without the possibility of parole. He filed this pro se habeas petition under 28 U.S.C. § 2254 raising claims concerning improper jury instructions and related ineffective assistance of counsel, the sufficiency of the evidence, the denial of a mistrial motion, prosecutorial misconduct, and the bind-over decision on one of the armed-robbery charges. (ECF No. 1.) Respondent filed an

---

[1] Hunt originally named George Stephenson as the respondent in this case. **Error! Main Document Only.**Hunt is currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan. *See* Michigan Department of Corrections Offender Tracking Information System ("OTIS"), https://perma.cc/YN3K-ANAB. The proper respondent in this case is the warden at the facility who has custody of Hunt, Jeff Tanner. *See* 28 U.S.C. § 2243; 28 U.S.C. § 2254, Rule 2(a); Fed. R. Civ. P. 81(a)(4). Accordingly, the Court amends the caption to name Jeff Tanner as Respondent.

answer to the petition, asking the Court to dismiss it because certain claims are unexhausted, waived, or procedurally defaulted, and because all the claims lack merit. (ECF No. 9.)

This matter is now before the Court on Hunt's motion to hold the habeas petition in abeyance so that he can return to the state courts to exhaust newly-discovered claims, which include: (1) the ineffectiveness of trial counsel, (2) the composition of the jury, and (3) the admission of prejudicial testimony that Hunt was incarcerated. (ECF No. 11.) For the reasons that follow, the Court will grant Hunt's motion.

A federal district court has discretion to stay a "mixed" habeas petition—i.e., one containing both exhausted and unexhausted claims—to allow a petitioner to present the unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances," such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state-court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

In *Rhines*, the Supreme Court adopted the stay-and-abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id.* at 275 (noting that if the court dismissed the habeas petition "close to

the end of the [one]-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases where AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2–3 (E.D. Mich. Oct. 16, 2007).

Here, Hunt shows the need for a stay. For one, according to Respondent, Hunt may not have fully exhausted all of the claims raised in his initial habeas petition, and Hunt seeks to pursue additional "newly-discovered," unexhausted claims. (ECF No. 9, PageID.99; ECF No. 11.) For two, the one-year statute of limitations applicable to federal habeas actions poses a problem for Hunt. The Michigan Supreme Court denied Hunt's leave to appeal on January 31, 2022. *People v. Hunt*, 969 N.W.2d 36, 37 (Mich. 2022), *available at* (ECF No. 10-19, PageID.1584). His convictions became final 90-days later, when the time for seeking a writ of certiorari with the United States Supreme Court expired, on or about May 2, 2022. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). Hunt submitted his federal habeas petition to prison officials for mailing on July 18, 2022. (ECF No. 1, PageID.66.) But habeas petitions are not statutorily tolled while they are pending in federal court—so Hunt's time has since run out. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (while a habeas corpus petition is pending before a federal court, statutory tolling is unavailable); 28 U.S.C. § 2244(d). Thus, a stay is

warranted here because, if the Court were to dismiss Hunt's petition, he would be unable to pursue state-court remedies and timely return to federal court on an amended, fully exhausted habeas petition. *See Jackson v. Rapelje*, No. 2:12-CV-14867, 2013 WL 149599, at *1 (E.D. Mich. Jan. 14, 2013) ("Staying a habeas corpus proceeding is appropriate where, as here, the original petition was timely filed, but a second, exhausted habeas petition may be time barred by the AEDPA's statute of limitations." (citing *Hargrove v. Brigano*, 300 F.3d 717, 720–21 (6th Cir.2002))).

Finally, while the Court is skeptical of Hunt's assertion that his additional claims are newly discovered (e.g., he was aware of the composition of the jury and the admission of trial testimony), there is no evidence of intentional delay. And Hunt's unexhausted claims do not appear to be "plainly meritless." *See Rapelje*, 2013 WL 149599, at *2 ("[m]ost courts applying the ["plainly meritless"] standard do so in conclusory fashion without weighing or even considering the evidence" and finding that "petitioner's new claims regarding ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and the deprivation of his right to be tried before a jury drawn from a fair cross-section of the community" were not plainly meritless); *see also Leigh v. Winn*, No. 2:20-CV-10545, 2020 WL 7346692, at *1 (E.D. Mich. Oct. 22, 2020) (holding petition in abeyance and stating it could not say newly raised ineffective-assistance-of-counsel claim based on failure to challenge exclusion of Black jurors was plainly meritless); *Wilson v. McKee*, 2015 WL 1912570, *2 (E.D. Mich. Apr. 27, 2015) ("[A] petitioner's unexhausted claims were not plainly meritless because they alleged a violation of petitioner's constitutional rights that could serve

4

as grounds for granting a writ of habeas corpus if supported by sufficient facts." (citation omitted)). So the Court finds that a stay is warranted.

Accordingly, the Court GRANTS Hunt's motion to stay and hold his habeas corpus petition in abeyance. (ECF No. 11.)

Hunt must file a motion for relief from judgment in state court within 60 days of entry of this order (if he has not already). He must then immediately file a notice with this Court that includes proof of the state-court filing and a copy of the filing itself. If he fails to timely notify the Court that he has sought state-court post-conviction relief, the Court will proceed to adjudicate the petition as it stands.

Within 60 days after the conclusion of the state post-conviction proceedings, Hunt must move to amend his habeas petition to add any new claims.

To avoid administrative difficulties, the Court ORDERS the Clerk of Court to close this case for statistical purposes only. Nothing in this order shall be considered a disposition of Hunt's habeas petition. *See Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943–44 (E.D. Mich. 2015).

SO ORDERED.

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE

Dated: August 7, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 7, 2023, by electronic means and/or ordinary mail.

                                          s/Holly A. Ryan
                                          Case Manager, in the absence of
                                          ERICA PARKIN